289 F.2d 939
 Anita Laudin BRANIFF, Administratrix of the Estate of John Edward Braniff, Deceased and Matthew F. Belin, Administrator of the Estate of James L. Brown, Deceased, Appellants,
v.
JACKSON AVE.-GRETNA FERRY, INC., Appellee.
 No. 18137.
 United States Court of Appeals Fifth Circuit.
 May 26, 1961.
 
 Appeal from the United States District Court for the Eastern District of Louisiana; J. Skelly Wright, Judge.
 Felicien Y. Lozes, Thomas J. Taylor, Howard J. Taylor, New Orleans, La., for appellants.
 George B. Matthews, New Orleans, La., for appellee.
 Before HUTCHESON, RIVES and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The forceful petition for rehearing misconceives the principal thrust of our decision. We do not hold that these employees were seamen. We hold only that under applicable substantive standards as to who is a seaman, the moving papers upon which summary judgment was sought and obtained gave rise to too many variable inferences. Consequently, there was a failure to demonstrate that there was no genuine issue as to any material fact. F.R.Civ.P. 56, 28 U.S.C.A. To our decision of Robbins v. Milner Enterprises, Inc., 5 Cir., 1960, 278 F.2d 492, at page 496-497, cited previously, 280 F.2d 523, at page 529, may now be added the more recent one of Chapman v. Hawthorne Flying Service, 5 Cir., 1961, 287 F.2d 539, at page 541. There, with great reliance on Kennedy v. Silas Mason Co., 1948, 334 U.S. 249, 257, 68 S.Ct. 1031, 92 L.Ed. 1347, Chief Judge Tuttle for this Court articulated the substance of our action in reversing summary judgment here. "Without intimating any conclusions on the merits, and, as stated previously, without implying that the plaintiff's proof as it now stands would warrant submission to a jury, we nevertheless conclude that it is the part of good judicial administration for the facts in this case to be more fully developed before the trial court determines that there is truly no genuine issue as to any material fact."
 
 
 2
 We repeat that our reversal is not "a forecast that on remand the case must go to the jury. That depends upon the actual proof made and such proof may fall way short." 280 F.2d 523, at page 529.
 
 
 3
 Rehearing denied.
 
 
 4
 JOSEPH C. HUTCHESON, Jr., Circuit Judge (dissenting).
 
 
 5
 I am glad to note, in the opinion of the majority denying the motion for rehearing, the emphasis on the fact: that the case was not one for summary judgment; and that the reversal of the summary judgment is for the purpose of having the case tried out on its merits and without any intent or purpose to control the judgment of the district judge on such a trial as to whether the evidence is sufficient to justify the submission of the case to the jury. I am still of the opinion, however, that the case was one for summary judgment and that the judgment of the district judge was right and ought to stand.
 
 
 6
 I must, therefore, dissent, even though I think the opinion of the majority on rehearing makes it plain that the reversal is based upon the procedure employed in bringing it to an end rather than upon the merits of the litigation.
 
 
 7
 I respectfully dissent.